UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON WILFORD                                    CIVIL ACTION

VERSUS                                           NUMBER: 10-2163

BURL CAIN                                        SECTION: "I"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Aaron Wilford, the State's response thereto, and Wilford's rebuttal to the State's response. (Rec. docs. 3, 9, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice as untimely.

### PROCEDURAL HISTORY[1]

Petitioner Wilford is a state prisoner who is presently

---

[1] A portion of the procedural history is taken from the Louisiana Fifth Circuit Court of Appeal's decision, State v. Wilford, No. 2001-KA-513, 800 So.2d 453 (Table) (La. App. 5 Cir. 2001) (unpublished opinion). A copy of the Louisiana Fifth Circuit's unpublished opinion is contained in the State rec., vol. 3 of 6.

incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On July 13, 2000, Wilford was indicted by a grand jury on the charge of aggravated rape of a juvenile in violation of LSA-R.S. 14:42. On November 27, 2000, Wilford proceeded to trial in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. After a three-day trial, the jury convicted Wilford of aggravated rape as charged by a vote of eleven to one. Wilford was subsequently sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence.

On May 15, 2001, Wilford filed with the district court a motion for a new trial based on "new and material evidence", namely, the victim's recantation of her trial testimony that Wilford had raped her. (St. ct. rec., vol. 3 of 6). On May 18, 2001, the district court denied Wilford's motion for a new trial based upon the fact that the court lacked jurisdiction over the matter because Wilford's appeal was pending. (St. ct. rec., vols. 2 and 3 of 6).

On May 29, 2001, counsel filed on Wilford's behalf an appeal brief wherein counsel discussed the victim's recantation, arguing that Wilford's conviction was based upon unreliable evidence. (St. ct. rec., vol. 4 of 6). On November 14, 2001, the Louisiana Fifth Circuit Court of Appeal rejected Wilford's insufficiency of evidence claim, along with three other claims regarding alleged

2

errors on the part of the trial court, and affirmed Wilford's conviction and sentence. State v. Wilford, No. 2001-KA-513, 800 So.2d 453 (Table) (La. App. 5 Cir. 2001) (unpublished opinion). Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Wilford had thirty days from November 15, 2001, until December 15, 2001, to timely file a writ with the Louisiana Supreme Court seeking relief from the state appellate court's adverse decision. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Wilford's writ application, No. 2002-KH-0222, challenging the state appellate court's adverse decision, though dated December 9, 2001, was not provided to prison officials for mailing until January 3, 2002,[2] 18 days after Wilford's December 15, 2002

---

[2]A copy of the prison mail log, reflecting that Wilford's writ application to the Louisiana Supreme Court was provided to a prison classification officer for mailing on "1-3-02", is attached to rec. doc. 9 as exhibit 1. A copy of Wilford's writ application, No. 2002-KH-0222, reflecting a signature date of December 9, 2001, is contained in the State rec., vol. 5 of 6. Attached to Wilford's writ application is a copy of the mailing envelope which reflects a post-mark date from Angola, Louisiana of "Jan-4 '02".

In Causey v. Cain, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. Under the "mailbox rule," the date a pro se prisoner's pleading is provided to prison officials for mailing is the date it is considered filed. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

3

deadline.³ Wilford's writ application was denied by the Louisiana Supreme Court without opinion on December 13, 2002. State ex rel. Wilford v. State, 831 So.2d 977 (La. 2002). Wilford did not file a petition for a writ of certiorari to the United States Supreme Court.

On January 7, 2004, Wilford filed an application for post-conviction relief with the state district court. (St. ct. rec., vol. 2 of 6).⁴ On January 30, 2004, the district court issued an Order denying Wilford's post-conviction application. (St. ct. rec., vol. 2 of 6). Thereafter, Wilford sought and was given an extension, until April 5, 2004, to file a writ application with the Louisiana Fifth Circuit seeking relief from the district court's

---

³On December 12, 2001, Wilford submitted a letter to the Louisiana Supreme Court explaining that he was having a problem filing his writ application because "I had to re-argue how the appeal court erred in its decision and now I am waiting for copies to be made of my argument." (A copy of Wilford's letter is contained in the State rec., vol. 5 of 6). To the extent Wilford's letter can be interpreted as a request for an extension of time to seek relief from the state appellate court's November 14, 2001 adverse decision, the request was denied without opinion by the Louisiana Supreme Court. See State v. Wilford, 2002-KO-0208, 836 So.2d 58 (La. 2003).

⁴January 7, 2004 represents the date Wilford signed his post-conviction application. In the absence of a prison mail log reflecting the date a prisoner's pleading was provided to prison officials for mailing, a court will generally look to the date a prisoner signed his pleading for purposes of determining the pleading's filing date. See Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999).

January 30, 2004 denial of post-conviction relief. (St. ct. rec., vol. 3 of 6). On March 27, 2004, Wilford filed his post-conviction writ application with the Louisiana Fifth Circuit. (St. ct. rec., vol. 3 of 6). On April 13, 2004, the Louisiana Fifth Circuit denied Wilford relief, finding "no error in the trial court's ruling of January 30, 2004, on relator's Application for Post Conviction Relief." Wilford v. State, No. 2004-KH-0387 (La. App. 5 Cir. April 13, 2004) (unpublished decision). (St. ct. rec., vol. 2 of 6). On March 24, 2005, the Louisiana Supreme Court denied Wilford's writ application. State ex rel. Wilford v. State, 896 So.2d 1025 (La. 2005).

On September 10, 2007, Wilford filed a writ application (2007-KH-0721) with the Louisiana Fifth Circuit seeking relief from the district court's May 18, 2001 denial of his motion for new trial.[5] (St. ct. rec., vol. 2 of 6). On October 16, 2007, the Louisiana Fifth Circuit granted Wilford's writ and remanded the matter to the district court, providing:

The relator's motion for new trial was filed after his

---

[5]Wilford made numerous earlier inquiries regarding the status of his motion for new trial, claiming that he had not received any disposition from the district court in connection with his motion for a new trial. On August 13, 2007, the Louisiana Fifth Circuit sent Wilford a copy of the district court's May 18, 2001 Order denying his motion for a new trial. See Wilford v. Cain, No. 2007-KH-0584 (La. App. 5 Cir. Aug. 13, 2007) (unpublished opinion). (St. ct. rec., vol. 2 of 6).

5

>motion for appeal was granted, thereby divesting the trial court of jurisdiction to hear that motion at that time. Since the filing of the motion, relator's conviction and sentence have been affirmed by this Court. Accordingly, we vacate any judgment the trial court may have rendered on the motion for new trial. We remand this matter to the trial court for a hearing on relator's motion for new trial, reserving to relator the right to seek review of any adverse ruling on his motion.

Wilford v. Cain, No. 2007-KH-0721 (La. App. 5 Cir. Oct. 16, 2007) (unpublished opinion) (citations omitted). (St. ct. rec., vol. 2 of 6).

Pursuant to the state appellate court's remand, the district court considered the merits of Wilford's motion for new trial and denied the motion on February 22, 2008.[6] On June 2, 2008, the Louisiana Fifth Circuit Court of Appeal denied Wilford's writ application challenging the district court's denial of his motion for new trial. The state appellate court reasoned:

> Relator seeks review of the trial court's denial of his motion for a new trial. In his application, relator asserts that he has newly discovered evidence in the form of an affidavit from the alleged victim, recanting her testimony.
> Following a jury trial, relator was found guilty of aggravated rape and is currently serving a life sentence. Relator filed his first motion for new trial on May 15, 2001 based on the affidavit of the victim, but neglected to attach a copy of the affidavit. The trial court declined to rule on the motion because an appeal was pending at the time and the court was divested of

---

[6] A copy of the court minute entry documenting the district court's February 22, 2008 denial of Wilford's motion for new trial is contained in the St. ct. rec., vol. 2 of 6.

6

jurisdiction. On November 14, 2001, this Court affirmed the defendant's conviction. ... In that appeal, relator raised the issue of the recanted statement. This Court found that the jury made a credibility decision and was reasonable in believing the testimony of the victim.

> On cross examination, the victim was questioned regarding a statement she signed before trail [sic] in defense counsel's office where she stated that defendant did not have sex with her. She admitted writing the statement and signing it. However, she explained that her mother told her what to write and forced her to write it. The victim further explained that she was tricked into going to defense counsel's office. She stated that in order to get her into the car, her mother told her they were going to the D.A's office.
>
> In determining whether new evidence warrants a new trial, the court must consider whether the evidence is so material that it would produce a different verdict from that rendered at trial. The affidavit before us in the instant writ application contains the same evidence heard by the jury which permitted the jury to weigh the victim's credibility and which was reviewed by this Court on direct appeal. It is also the same affidavit which formed the subject matter of the motion for new trial denied by the trial court. Thus, the trial court was not presented with any "newly discovered evidence" such that a new trial would have been warranted. The trial court did not abuse its discretion in denying the motion....

State v. Wilford, No. 2008-KH-367 (La. App. 5 Cir. June 2, 2008) (unpublished opinion) (citations omitted). (St. ct. rec., vol. 2 of 6). On April 13, 2009, Wilford's writ application to the Louisiana Supreme Court was denied without opinion. State ex rel. Wilford v. State, 5 So.3d 158 (La. 2009).

On or about July 16, 2008, prior to the Louisiana Supreme

7

Court's denial of relief in connection with his motion for new trial, Wilford filed with the state high court a writ application, 2008-KH-1813, regarding the Louisiana Fifth Circuit Court of Appeal's improper review of pro se writ applications during the period from February 8, 1994 to May 21, 2007.[7] On October 10, 2008, the Louisiana Supreme Court transferred the matter to the Louisiana Fifth Circuit Court of Appeal pursuant to State v. Cordero, 993 So.2d 203 (La. 2008). State ex rel. Wilford v. State, 994 So.2d 32 (La. 2008).

On April 8, 2009, the Louisiana Fifth Circuit, observing that Wilford filed one pro se writ application, 2004-KH-0387, during the pertinent time period, determined that there was no error in the Court's prior ruling and, therefore, denied Wilford post-conviction relief. Specifically, the Louisiana Fifth Circuit provided: "[W]e remain with this Court's original disposition in relator's previous writ application and deny the relief requested in the instant Cordero writ application." Wilford v. State c/w State v. Wilford, No. 2008-WR-0876 c/w 2009-KH-0117 (La. App. 5 Cir. Apr. 8, 2009) (unpublished opinion). (St. ct. rec., vol. 2 of 6). On March 12, 2010, the Louisiana Supreme Court, without opinion, denied Wilford's writ application challenging the state appellate court's

---

[7]A copy of Wilford's writ application in 2008-KH-1813 is contained in the State rec., vol. 5 of 6.

8

April 8, 2009 decision. State v. Wilford, 28 So.3d 1020 (La. 2010).

On or about July 26, 2010, Wilford filed the instant habeas application raising the following claims: 1) trial counsel was ineffective in failing to object to the playing of the victim's videotaped testimony; 2) trial counsel was ineffective in failing to file a post-verdict judgment of acquittal; 3) trial counsel was ineffective in failing to call an expert witness in the field of child sexual abuse; 4) trial counsel was ineffective in failing to timely proffer exculpatory evidence concerning State witnesses, Ms. Kim Jackson and the victim's older brother; 5) erroneous amendment to grand jury indictment; 6) trial court erred in forcing him to stand trial while clothed in prison attire; 7) he was harmed by virtue of the fact that his original application for post-conviction relief was not properly assigned to a three-judge state appellate panel and his time limit for seeking such review has expired; and, 8) the Louisiana Supreme Court erred in failing to "sanction" and "disqualify" all the Louisiana Fifth Circuit judges regardless of whether or not they had a hand in the unlawful review of pro se writ applications.

In its response (rec. doc. 9), the State asserts that Wilford's petition is untimely and that Wilford has failed to exhaust his state court remedies. For the reasons set forth below,

the Court finds this action is time-barred and, therefore, need not reach the exhaustion issue.

**ANALYSIS**

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Wilford have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Wilford's conviction and sentence became final on December 15, 2001, when his time for seeking relief from the state appellate court's November 14, 2001 adverse decision expired. Butler, 533 F.3d at 316-318. Under §2244(d), Wilford thus had until December 15, 2002 within which to timely seek federal habeas corpus relief. Wilford did not file the instant action until July 26, 2010, over seven years after his one-year prescriptive period had expired. His petition must therefore be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist

10

which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is justified only in "'rare and exceptional circumstances.'" Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001), quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief. Coleman, 184 F.3d at 403.

Wilford argues that his §2254 petition should be considered timely because he did not learn the basis of his claim, that his post-conviction application (No. 2004-KH-0387) was not properly reviewed by a three-judge panel of the Louisiana Fifth Circuit

Court of Appeal, until June, 2008. It was at that time that he received documents from the law firm of Martin E. Regan & Associates, P.L.C., informing him of the improper review. (Rec. doc. 10, Wilford's rebuttal, p. 1).

A situation similar to the one at hand arose in <u>Harris v. Cain</u>, No. 2010-1607 (E.D. La.), where Harris' <u>pro</u> <u>se</u> post-conviction writ application was not properly reviewed by a three-judge panel of the Louisiana Fifth Circuit Court of Appeal. In that case, the Court recognized that Harris may be entitled to tolling. Specifically, the Court provided:

> [A]fter the alleged improprieties of the Louisiana Fifth Circuit's <u>pro</u> <u>se</u> habeas corpus petition review were addressed in the Louisiana Supreme Court's handling of <u>State v. Cordero</u>, 993 So.2d 203 (La. 2008), the issue arises of whether or not this matter qualifies Harris for equitable tolling at least from the time the Louisiana Fifth Circuit denied his application on January 5, 2006, if not from as early as the time of his initial application to the Louisiana Fifth Circuit Court of Appeal on December 19, 2005.

<u>Harris v. Cain</u>, 2011 WL 2690161, *4 (E.D. La. July 11, 2011) (Lemelle, J.).

Ultimately, the District Court determined that Harris may be entitled to tolling from as early as November 16, 2005, when the state trial court denied Harris post-conviction relief and the matter was set to be heard by one Louisiana Fifth Circuit judge rather than the required three-judge panel, to July, 2008, when

12

Harris discovered the impropriety and sought relief from the Louisiana Supreme Court. However, the above determination was <u>dicta</u> as the Court determined that even if Harris' time was tolled from November, 2005 to July, 2008, "the AEDPA's statute of limitation still would have run prior to the filing of the instant application of federal habeas corpus relief...." <u>Id</u>.

The same is true in the instant situation. Even if this Court tolls Wilford's prescriptive period from January 30, 2004, the date the state district court denied Wilford post-conviction relief and the matter was set to be heard by one Louisiana Fifth Circuit judge rather than the required three-judge panel, to June, 2008, when Wilford learned of the impropriety, Wilford's federal habeas petition is nevertheless time-barred. Wilford's one-year statute of limitations expired December 15, 2002, over a year before January 30, 2004, when tolling arguably commenced.

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period. 28 U.S.C. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the

13

applicant must conform with a state's applicable procedural filing requirements. Williams v. Cain, 217 F.3d 303, 306 (5th Cir. 2000).

As noted above, Wilford's prescriptive period commenced to run on December 15, 2001, and, absent tolling, expired December 15, 2002. On January 3, 2002, Wilford filed an untimely writ application, No. 2002-KH-0222, with the Louisiana Supreme Court. Wilford's writ application remained pending until December 13, 2002. This writ application, however, did not toll prescription as the application was on direct review, rather than post-conviction or other collateral review as required under the tolling provisions of §2244(d)(2). See Butler, 533 F.3d at 318.

On April 17, 2002, Wilford submitted a letter (St. ct. rec., vol. 2 of 6) to the district court inquiring about the status of his motion for new trial. This filing likewise did not toll prescription because it did not directly challenge his conviction. See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) (where pleading does not "directly call into question the validity of [petitioner's] conviction or sentences" it is considered "preliminary in nature" and does not "toll the limitation period under §2244(d)(2)". See also Brisbon v. Cain, 2000 WL 45872, *2 (E.D. La. 2000).

On May 15, 2001, Wilford filed a motion for new trial. While the district court issued its Order denying Wilford's motion for

14

new trial on May 18, 2001, Wilford arguably did not know of the court's ruling until on or about August 13, 2007, when the Louisiana Fifth Circuit sent him a copy of the district court's Order.[8]  Wilford, however, is not entitled to any tolling during this time period because his motion for new trial was not "properly filed".

La.C.Cr.P. art. 853, in conjunction with La.C.Cr.P. art. 851(3), provides that when a motion for new trial is based upon alleged "new and material evidence", as Wilford's was, "the motion may be filed within one year after the verdict of judgment of the trial court...; **but if an appeal is pending, the court may hear the motion only on remand of the case**." (Emphasis added). Based upon the above procedural requirement, the district court found that it "[did] not have jurisdiction over [Wilford's motion for new trial] because an appeal [was] pending."[9]

To determine whether an application for collateral review is "properly filed", a federal habeas court "look[s] to procedural rules governing the [state] court's jurisdiction to consider the application.... Larry v. Dretke, 361 F.3d 890, 893 (5th Cir.), cert. denied, 543 U.S. 893, 125 S.Ct. 141, 160 L.Ed.2d 157 (2004) (emphasis

---

[8]See discussion supra at n.5.

[9]A copy of the state district court's determination in this regard is contained in the State rec., vol. 3 of 6.

15

deleted), citing Artuz v. Bennett, 531 U.S. 4, 9-10 (2000). A collateral review application "filed in a court lacking jurisdiction to consider the application is not 'properly filed'.... Id., citing Artuz, 531 at 9-10 ("If 'an application is erroneously accepted by the clerk of a court lacking jurisdiction...it will be **pending**, but not **properly filed**.'")(emphasis original). See also Smith v. Smith, 2009 WL 6337960, *12 (N.D. Ohio Sept. 24, 2009) (Limbert, MJ.), adopted, 2010 WL 1416994 (N.D. Ohio April 6, 2010) (Adams, J.) (because petitioner failed to comply with state procedural requirements, his motion for leave to file motion for new trial was "not properly filed for AEDPA tolling purposes").

Based on the above, the Court finds that Wilford is entitled to neither equitable tolling nor tolling under the provisions of §2244(d)(2). As such, the instant action is clearly time-barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed by petitioner, Aaron Wilford, be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(<u>en banc</u>).[10]

New Orleans, Louisiana, this  29th  day of   November  , 2011.

*[signature: Alma L. Chasez]*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[10]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.