UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON WILFORD                              CIVIL ACTION

VERSUS                                     NUMBER: 10-2163

BURL CAIN                                  SECTION: "J"(5)

## ORDER

Before the Court are the Magistrate Judge's Report and Recommendation (Rec. Doc. 12) and Petitioner's Objections (Rec. Doc. 13).  Petitioner objects to the Magistrate's finding that his petition was filed untimely.  He states that he did not learn until June 13, 2008 that his "constitutional right" to a three-judge state appellate panel had been denied during previous post-conviction review.  Rec. Doc. 13, at 2.  He avers that once he learned of this denial, on July 15, 2008, he filed a writ application with the Louisiana Supreme Court, which eventually led to the Louisiana Fifth Circuit Court of Appeal's denial of the new application on April 8, 2009 and the Louisiana Supreme Court's writ denial on March 12, 2010.  Petitioner argues that the one-year prescriptive period began to run on March 12, 2010, and that his

federal *habeas* petition filing on May 24, 2010 was timely.[1] Petitioner's contentions are without merit.

The Magistrate properly considered and rejected this argument in her findings and conclusions. See Rec. Doc. 12, at 11-13 (finding that the one-year statute of limitations expired over a year before any tolling arguably resulting from the initial lack of proper state appellate review). Further, to the extent that Petitioner argues that the one-year prescriptive period did not begin to run until some time after he learned about the right to a three-judge appellate panel, this argument is also meritless. The one-year limitation period commences upon the date on which the factual predicate of the claim presented could be discovered through the exercise of due diligence, 28 U.S.C. § 2244(d)(1)(D); however, Petitioner's claim regarding the right to a three-judge panel is not cognizable under federal *habeas* review. That claim is for a state constitutional right, State v. Cordero, 993 So. 2d 203, 204 (La. 2008), and federal *habeas* review of state court judgments only concerns allegations of violations of the United States Constitution or federal law, 28 U.S.C. § 2254(a).

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States

---

[1] The Court notes that the record shows that the petition was actually filed on December 15, 2010.

Magistrate Judge, and Petitioner's Objections, hereby approves the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 12) and adopts it as the Court's opinion in this matter.

Therefore, **IT IS ORDERED** that the petition of Aaron Wilford for issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254, is hereby **DISMISSED WITH PREJUDICE** as untimely.

New Orleans, Louisiana, this 28th day of ____December____, 2011.

_____
UNITED STATES DISTRICT JUDGE

3